UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
MOTOR VEHICLE ACCIDENT                                            :
INDEMNIFICATION CORPORATION,                                      :
                                                                  :
                    Plaintiff,                                         :  **MEMORANDUM DECISION**
                                                                  :  **AND ORDER**
          - against -                                        :
                                                                  :  22-cv-04715 (BMC)
                                                                  :
GHISLAINE GERDA AMBROISE, individually                            :
and as Administrator of the Estate of LUCIEN                      :
AMBROISE, deceased; WILLIAM SCHWITZER                             :
& ASSOCIATES, P.C.; SCHILLER J. AMBROISE;                         :
U.S. DEPARTMENT OF HEALTH & HUMAN                                 :
SERVICES; and NEW YORK CITY HEALTH                                :
AND HOSPITALS CORPORATION,                                        :
                                                                  :
                    Defendants.                                        :
                                                                  :
----------------------------------------------------------------- X

**COGAN**, District Judge.

       This is an interpleader action in which the stakeholder-plaintiff, Motor Vehicle Accident Indemnification Corporation ("MVAIC"), seeks a first-stage order authorizing it to deposit $25,000 (the "interpleader funds") with the Court and discharging it from further liability as to six claimant-defendants, only one of whom has appeared.

## BACKGROUND

      MVAIC alleges that it is liable for and ready to pay a $25,000 monetary settlement reached in a wrongful death action brought by the Estate of Lucien Ambroise, who died after being injured in a motor vehicle accident. MVAIC alleges that the named claimants "may be entitled to all or part" of the $25,000 settlement funds, but that it is "ignorant of the respective rights" of the claimants. MVAIC does not claim any interest in the interpleader funds.

This action was originally filed in Kings County, New York Supreme Court. Defendant U.S. Department of Health and Human Services ("HHS") – the only defendant to appear – removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1442(a)(1). Plaintiff did not challenge removal.

MVAIC has now moved for an order permitting it to deposit into the registry of this Court the interpleader funds and dismissing and discharging MVAIC from this action. MVAIC has also moved for a default judgment against the defendants who have not appeared.

## DISCUSSION

An interpleader complaint generally involves a two-stage inquiry. At the first stage, a court determines whether interpleader is appropriate on the facts of the case and whether the stakeholder is entitled to a discharge. Great Wall De Venezuela C.A. v. Interaudi Bank, 117 F. Supp. 3d 474, 482 (S.D.N.Y. 2015). The second stage determines the adverse claims between the claimants. See New York Life Ins. Co. v. Ct. Dev. Auth., 700 F.2d 91, 95 (2d Cir. 1983).

At the first stage, the court must determine whether the jurisdictional requirements for interpleader have been met. There are two mechanisms for bringing an interpleader action in federal court: (1) Federal Rule of Civil Procedure 22 ("rule interpleader"), and (2) the federal interpleader statute, 28 U.S.C. § 1335 ("statutory interpleader"). See Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc., 368 F. Supp. 3d 460, 472-73 (E.D.N.Y. 2019). "The two types of interpleader serve the same purpose and perform the same function, and differ only in their requirements for subject matter jurisdiction, venue, and service of process." Id. (citation omitted). Rule interpleader relies on the court's independent diversity or federal question jurisdiction, while statutory interpleader rests on its own subject matter jurisdiction authorization. Id.

Statutory interpleader is not available here because even minimal diversity does not exist; all the parties are New York domiciliaries with the exception of HSS, which as a federal agency is not a citizen of any state. See Truck–a–Tune, Inc. v. Re, 23 F.3d 60, 62 (2d Cir. 1994). For the same reason, rule interpleader based on diversity is not available. See Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc., 368 F. Supp. 3d 460, 475 (E.D.N.Y. 2019).

Jurisdiction is proper, however, under the Federal Officer Removal statute, 28 U.S.C § 1442(a)(1).[1] This statute empowers a federal court to exercise jurisdiction over a removed civil action that is directed at "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." See In re Methyl Tertiary Butyl Ether Prod. Liab. Litig., 341 F. Supp. 2d 351, 359 (S.D.N.Y. 2004) (internal citations and quotations omitted) ("[Section] 1442 is a jurisdictional grant in itself giving the federal court subject matter jurisdiction over the entire case.").

Here, MVAIC commenced an interpleader action against HHS with respect to HHS's administration of the Medicare Program pursuant to the Medicare Act, which HHS then removed. Therefore, § 1442 provides a statutory basis for subject matter jurisdiction. Moreover, Article III jurisdiction exists because HHS's claim to the interpleader funds – a claim the agency asserts pursuant to the Medicare Secondary Payer Act, 42 U.S.C. §1395(y)(b)(2)(B)(iii) – introduces a federal question as "an ingredient of the action." Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 578 U.S. 374, 385 (2016) (internal quotations and citations omitted); see

---

[1] Because the Court finds that the Federal Officer Removal statute provides a statutory basis for jurisdiction, the Court refrains from addressing HHS's argument that 28 U.S.C § 1331 also provides for jurisdiction because HHS's claim to the interpleader funds raises a federal question.

3

also <u>Mesa v. California</u>, 489 U.S. 121, 136 (1989) (noting that § 1442 "is a pure jurisdictional statute," that cannot "independently support Art. III 'arising under' jurisdiction").

Once subject matter jurisdiction is established, the first-stage inquiry asks only if "plaintiff may [be] expose[d] to double or multiple liability." <u>Metro. Life Ins. Co. v. Little</u>, No. 13-cv-1059, 2013 WL 4495684, at *3 (E.D.N.Y. Aug. 17, 2013). "The court need not analyze the merits of the claims because the stakeholder should not be obliged at its peril to determine which of the two claimants has the better claim." <u>Metro. Life Ins. Co. v. Carey</u>, No. 16-cv-3814, 2017 WL 4351512, at *3 (E.D.N.Y. Sept. 29, 2017) (internal quotations and citation omitted).

Here, MVAIC argues that it faces multiple liabilities from possible distributees (Ghislaine Ambroise and Schiller Ambroise), the estate (which is administered by Ghislaine Ambroise), counsel for the estate (William Schwitzer & Associates, P.C.), and state and federal agencies that funded medical services for the deceased (HHS and New York City Health and Hospitals Corporation). The claimants are adverse in that they may claim the same sum of money. These allegations are sufficient to demonstrate that MVAIC is entitled to interpleader relief. If this Court did not afford interpleader relief, MVAIC could face multiple lawsuits and run the risk of inconsistent judgements.

Once it is determined that a stakeholder has demonstrated grounds for interpleader relief, a court may "discharge the plaintiff from further liability." 28 U.S.C. § 2361. The real dispute here is entirely between the various claimants to the interpleader funds. There is no reason for MVAIC to maintain a presence in this action. MVAIC is therefore granted permission to deposit the interpleader funds into the registry of this Court, and upon proof of the deposit being filed on the docket, MVAIC will be deemed discharged from any potential liability to claimants in this action (both as to HHS and to those who have not appeared) and will be dismissed from the

4

case.[2]  See Metro. Life Ins. Co. v. Mitchell, 966 F. Supp. 2d 97, 105 (E.D.N.Y. 2013) (dismissing disinterested stakeholder-plaintiff after first stage); see also Hudson Sav. Bank v. Austin, 479 F.3d 102, 107 (1st Cir. 2007) ("[I]n an interpleader action in which the stakeholder does not assert a claim to the stake, the stakeholder should be dismissed immediately following its deposit of the stake into the registry of the court.").

The remaining question is how to address step two of this interpleader action, i.e., the resolution of the claimants' interests in the interpleader funds.  As no party has briefed this issue, the Court will grant the claimants 30 days from the entry of this order to make any submissions as to their respective claims to the interpleader funds.

## CONCLUSION

MVAIC's motion for interpleader relief is granted.  It shall deposit the interpleader funds in the registry of this Court forthwith.  Upon such deposit, the Court will enter an order discharging MVAIC from any further liability concerning the circumstances giving rise to the fund and dismissing MVAIC from this action.  The Court will proceed to resolve the dispute, if any, between those claimants who have appeared as set forth above.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       November 17, 2022

---

[2] MVAIC's request for a default judgment against the non-appearing defendants is denied as moot in light of this Order.

5